UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ELLEN BECKNELL-JONES,**

    **Plaintiff,**

v.                                                             **Case No: 5:13-cv-218-Oc-18PRL**

**COMMISSIONER OF SOCIAL**
**SECURITY**

    **Defendant.**

## ORDER

This Social Security appeal comes before the Court for consideration of three pending motions, including Defendant's Motion to Strike (Doc. 11), the *pro se* Plaintiff's Motion to supplement (Doc. 15), and a second Motion to Strike (Doc. 16) filed by the Defendant.

I.     BACKGROUND

On May 8, 2013, Plaintiff filed a *pro se* Complaint in this Court "to appeal the Appeal Board's Decision." (Doc. 1). Plaintiff seeks to appeal an administrative decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI"). As attachments to her Complaint, Plaintiff filed a handwritten list of "current conditions," a letter signed by Plaintiff describing her pain and symptoms, a letter regarding her condition signed by Rama Karumaci from the Orlando Pain Clinic, and a diagnostic image. (Doc. 1, pages 4-9).

Defendant filed a Motion to Strike (Doc. 11), arguing that Plaintiff's exhibits to her Complaint must be stricken. In that motion, Defendant argues that this Court cannot consider extra-record evidence in its substantial evidence review of the Commissioner's final decision. In

Response, Plaintiff filed a Motion to Supplement New Medical Records (Doc. 15). In that document, Plaintiff explains that she does not "understand a lot of the legal paper that was sent." She explains that she was in a car accident in May, and had neurological testing that revealed new medical findings about her condition. (Doc. 15, 2-3). She contends that new medical records are available from various sources, including a neurologist, hospital, and pain management clinic. (Doc. 15, 5).

In response to Plaintiff's Motion to Supplement, Defendant has filed a second Motion to Strike (Doc. 16). Defendant argues that Plaintiff's supplements are not appropriate in proceedings under 42 U.S.C. § 405(g). Defendant also argues that Plaintiff's motion should not be treated as a motion to remand under sentence six of 42 U.S.C. § 405(g) because she has not made the necessary showing for a remand.

III. DISCUSSION

Section 405(g) expressly limits the Court's jurisdiction to a review of the pleadings and the certified transcript of the administrative record. The section precludes consideration of extra-record evidence. Neither party may put any additional evidence before the district court, and the court is limited to a review of the record made at the administrative level. *Caulder v. Bowen*, 701 F.2d 872, 876 (11th Cir. 1986).

Although the record cannot be enlarged, the Court may treat Plaintiff's submission of additional evidence as a motion to remand under sentence six of 42 U.S.C. § 405(g). Evidence submitted to the court may be considered only to determine if remand is warranted under sentence six of 42 U.S.C. § 405(g). *See Caulder*, 791 F.2d at 876. To satisfy the criteria for a remand under sentence six, a claimant must establish that (1) the evidence is new and noncumulative; (2) the evidence is material such that a reasonable probability exists that it would

change the administrative result; and (3) there was good cause for the failure to submit the evidence at the administrative level. *Caulder*, 791 F.2d at 877.

Here, Defendant contends that Plaintiff has not met her burden of showing that the evidence she has submitted is new, material, or that she had good cause for not submitting the evidence at the administrative level. Defendant further contends that Plaintiff has not shown that the additional evidence would have changed the administrative result, nor has she offered any explanation of good cause for her failure to submit such records at the administrative level.

The Court agrees. The documents Plaintiff has attached to the complaint consist of her own handwritten descriptions of her symptoms, as well as an undated letter from the Orlando Pain Clinic (Doc. 1, 9), and an undated diagnostic image (Doc. 1, 10). Plaintiff has not demonstrated that this evidence is new and noncumulative, or that it is material such that a reasonable probability exists that it would change the administrative result. Likewise, Plaintiff provides no good cause for her failure to submit the evidence at the administrative level. *See Caulder*, 791 F.2d at 877; *Cherry v. Heckler*, 760 F.2d 1186, 1192 (11th Cir. 1985). The exhibits to Plaintiff's Complaint are due to be stricken.

IV. CONCLUSION

Accordingly, upon due consideration, the Commissioner's Motions to Strike (Docs. 11 and 16) are GRANTED, and the exhibits attached to Plaintiff's Complaint are hereby STRICKEN. Plaintiff's Motion to Supplement (Doc. 15) is DENIED.

**DONE** and **ORDERED** in Ocala, Florida on October 8, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties